**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4101**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARRICK DEWAYNE NEWTON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:08-cr-00332-JAB-1)

_____

Submitted:  July 30, 2010              Decided:  August 19, 2010

_____

Before TRAXLER, Chief Judge, and WILKINSON and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garrick Dewayne Newton appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e). Newton contends that the district court erred in denying his motion to suppress evidence that was recovered from his person during an investigative stop. We affirm.

I.

In the early morning hours of August 3, 2008, Michael Castro of the Durham Police Department responded to a dispatch regarding an armed robbery at a Waffle House on Highway 54 in Durham. The dispatch described the robber as a black man wearing a blue striped shirt and a tan baseball cap. Upon arriving on the scene about three minutes later, Officer Castro set up a perimeter while another officer canvassed the Waffle House. In the process of establishing a perimeter, Castro saw a man – the current defendant – fitting the suspect's description on the side of the road about 50 to 100 yards from the Waffle House, walking towards the crime scene.

Officer Castro stopped his car and called to the defendant to come over to his patrol car. The defendant, Garrick Newton, at first looked around and hesitated, but as more police cars approached he complied. When he reached Officer Castro, Castro

2

handcuffed him and asked him if he had any weapons on his person. The defendant said he had a gun in his waistband, which the officer found upon frisking him.

## II.

On appeal, Newton contests the denial of the motion to suppress. He argues that the totality of the circumstances surrounding his stop and frisk did not establish reasonable suspicion that he was involved in any criminal activity. This court reviews a district court's findings of fact during a suppression hearing for clear error, while its legal determinations are reviewed de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). Because the district court denied the motion to suppress, the evidence is construed in the light most favorable to the government. See United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008).

An investigative, or Terry, stop like that undertaken by Officer Castro "is constitutional when it is supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity." United States v. Quarles, 330 F.3d 650, 653 (4th Cir. 2003) (internal quotation marks omitted). Police can undertake pat-down searches of individuals during a Terry stop if there is a reasonable, articulable suspicion that the person is involved in illegal activity and

3

armed. See United States v. Raymond, 152 F.3d 309, 312 (4th Cir. 1998); see also United States v. Moore, 817 F.2d 1105, 1107-08 (4th Cir. 1987) (holding "brief but complete restriction of liberty is valid under Terry"). Reasonable suspicion requires more than a "hunch" but less than probable cause, and it may be based on the collective knowledge of officers involved in an investigation. See Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted).

The existence of reasonable suspicion "does not depend on any single factor, but on the totality of the circumstances." United States v. Singh, 363 F.3d 347, 354 (4th Cir. 2004). In determining whether an officer had reasonable suspicion to effectuate an investigatory stop, "we assess the relevant facts known to the authorities and decide whether those facts, 'from the standpoint of an objectively reasonable police officer,' give rise to reasonable suspicion or probable cause." Id. (quoting Ornelas, 517 U.S. at 696); see United States v. Crittendon, 883 F.2d 326, 328 (4th Cir. 1989). Even factors which, by themselves, might suggest innocent conduct can amount to reasonable suspicion of criminal conduct when taken together. See United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004).

The district court correctly concluded that based on the totality of the evidence available to the authorities and reasonable inferences that could be drawn therefrom, Officer

4

Castro had a sufficient basis to detain Newton for questioning in connection with the reported armed robbery. When Officer Castro stopped Newton, he reasonably believed, based on the police dispatch, that a man dressed like Newton had committed armed robbery only minutes before at the Waffle House restaurant located 50-100 yards away. Additionally, when Officer Castro called out to Newton, the defendant paused and looked around, complying only when more police cars began arriving on the scene. It was reasonable for Officer Castro to conclude that Newton was the suspect wanted in connection with the alleged armed robbery, despite the fact that Newton was walking toward the Waffle House. Furthermore, given that the reported offense involved a firearm, it was reasonable for Officer Castro to suspect that Newton might be carrying a gun. These facts, read in the light most favorable to the government, would lead a police officer in the same position as Castro to develop reasonable suspicion for a Terry stop and search. Accordingly, the district court correctly denied the motion to suppress.

## III.

For the foregoing reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

5

before the court and argument would not aid the decisional process.

AFFIRMED